# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY STEVENSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-020-RGA |
| DAVID PIERCE, et al., | : |
| Defendants. | : |

Anthony Stevenson, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

April 19, 2017
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Anthony Stevenson, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). The Court proceeds to review and screen the Complaint (D.I. 3) and its amendment (D.I. 10) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

On October 12, 2015, Plaintiff asked his work supervisor for permission to leave so that he could go to the hospital to receive an insulin injection. His supervisor refused, and Plaintiff submitted a grievance. The grievance was denied. Plaintiff appealed. A December 18, 2015 decision on appeal determined to release Plaintiff from work during the scheduled time for administration of the medication. The decision was upheld by Bureau Chief Marc Richman.

On December 22, 2015, Plaintiff was informed by a correctional officer that Defendant Warden David Pierce had called the building to take Plaintiff's work pass from him. Later, Plaintiff discovered that it was Defendant Major Jeffrey Carrothers who had called the building and given the orders to take Plaintiff's work pass and terminate Plaintiff from his job in the garment shop "because he was unwilling to authorize [Plaintiff's] leaving the shop to receive [his] insulin shot and for not having a G.E.D." (D.I. 3 at p.5).

Plaintiff submitted a grievance on December 27, 2015, complaining of Carrothers' actions. It was returned as unprocessed, advising Plaintiff that he could be hired or fired with no reasons given. Plaintiff submitted two additional grievances and

was told the same thing. A third party who inquired on Plaintiff's behalf was told that Plaintiff was terminated from a position in the kitchen after finding contraband from the kitchen in Plaintiff's cell and that the incident complicated reinstating Plaintiff to his position in the garment shop. Plaintiff states that he was found guilty in the contraband matter, appealed, and the finding of guilt was "overturned/reversed with no further actions taken." Plaintiff alleges that he was the victim of willful and intentional disability discrimination on the part of Carrothers, Delaware Correctional Industries, Mark Pariseau, Edward Bowers, and the Delaware Department of Correction.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to

3

show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

**42 U.S.C. § 1983.** When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint contains no allegations against Scarborough, Pariseau, and Bowers. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

4

In addition, it appears that Pierce has been named as a defendant based upon his supervisory position. While he is mentioned, the allegations against him do not rise to the level of a constitutional violation. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.). Accordingly, Pierce, Scarborough, Pariseau, and Bowers will be dismissed as defendants as the claim against them are legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff will be allowed to proceed with his § 1983 retaliation claim against Carrothers.

**Americans with Disabilities Act.** Plaintiff attempts to raise an ADA claim against Carrothers as well as the DOC and Delaware Correctional Industries. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132(1).

In order to establish a violation under Title II, a plaintiff must demonstrate: (1) that he is a qualified individual; (2) with a disability; and (3) that he was denied the opportunity to participate in or benefit from the services, programs, or activities of a public entity, or was otherwise subject to discrimination by that entity; (4) by reason of his disability. *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007). Individual defendants are not public entities within the meaning of Title II of the ADA and therefore, are not subject to suit. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (individuals are not subject to liability under "Titles I or II of the

ADA, which prohibit discrimination by employers and public entities respectively."). Therefore, the Court will dismiss the ADA claim against Carrothers as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff will be allowed to proceed with his Title II ADA claim against the DOC and Delaware Correctional Industries.

**Request for Counsel.** Plaintiff requests counsel on the grounds that he does not have the ability to present his case, he is unskilled in the law, the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot afford and obtain counsel on his own behalf, counsel would serve the best interest of justice, and he has limited education. (D.I. 8). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

(6) whether the case will require testimony from expert witnesses.

Id. at 155-57; accord Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. To date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, Defendants have not yet been served with process. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary. Therefore, the motion will be denied.

## CONCLUSION

For the above reasons, the Court will: (1) deny the request for counsel without prejudice to renew (D.I. 8); (2) dismiss all claims against David Pierce, James Scarborough, Mark Pariseau, and Edward Bowers as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); (3) dismiss the ADA claim against Jeffrey Carrothers as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (4) allow Plaintiff to proceed with the 42 U.S.C. § 1983 retaliation claim against Jeffrey Carrothers and the Title II ADA claim against the Delaware Department of Correction and Delaware Correctional Industries.

An appropriate order will be entered.