IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY STEVENSON, :
       Plaintiff, :
       v. : Civ. No. 17-020-RGA
JEFFREY CARROTHERS, et al., :
       Defendants. :

## MEMORANDUM ORDER

At Wilmington, this 14 day of December, 2017, having considered Plaintiff's requests for counsel and motion to compel (D.I. 23, 24, 39);

IT IS ORDERED that the: (1) requests for counsel (D.I. 23, 24) are **DENIED** without prejudice to renew; and (2) the motion to compel (D.I. 39) is **DENIED**, for the reasons that follow:

1. **Introduction.** Plaintiff Anthony Stevenson, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5).

2. **Requests for Counsel.** Plaintiff seeks counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate the matter, he has limited law library access and limited knowledge of the law, a trial will likely involve conflicting testimony and counsel will better enable Plaintiff to present evidence and cross-examine witnesses, he has made repeated efforts to obtain counsel, he has a limited formal education, and counsel will aid in the discovery process. (D.I. 23, 24). A

*pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[1] *Tabron*, 6 F.3d at 155.

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

4. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

his request for counsel. After reviewing Plaintiff's Complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date, Plaintiff has ably represented himself in this case. Further, should Plaintiff have difficulties in obtaining discovery, he has the option of seeking relief from the Court. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's requests for counsel. Should the need for counsel arise later, one can be sought at that time. Accordingly, Plaintiff's requests for counsel (D.I. 23, 24) are denied without prejudice to renew.

5. **Motion to Compel.** Plaintiff served a second request for production of documents upon Defendants on October 4, 2017. (D.I. 28). Plaintiff moves to compel a discovery response.

6. Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

7. The object of Plaintiff's motion is Request No. 9 which seeks a copy of Department of Correction policies and procedures Number 1135. Plaintiff seeks to compel Defendants to provide the policy and "any other policy that governs inmate

3

workers at the Delaware Correctional Center." (D.I. 39). His motion quotes the language of the policy.

8.  Defendants respond that the DOC does not have a policy or procedure numbered 1135. (D.I. 42). However, Defendants provided Plaintiff BOP Policy 2.2, which contains language similar to that identified by Plaintiff in his motion to compel. The Court finds that Defendants have adequately responded to Request No. 9. Therefore, the motion to compel (D.I. 39) is denied.

/s/ Richard G. Andrews<br>
UNITED STATES DISTRICT JUDGE